**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 20th day of June, 2013.**



_____
Robert D. Berger
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

DANNY L. LANE and                                                                              Case No. 12-23111
TERRI L. LANE,
          Debtors,

_____

**MEMORANDUM OPINION AND ORDER DENYING
STOCKGROWERS STATE BANK'S MOTION TO RECONSIDER
ORDER OF CONFIRMATION**

Comes now before the Court the Motion of Stockgrowers State Bank to Reconsider the Order Confirming the Chapter 13 Plan; or In the Alternative to Set Aside the Order Confirming the Chapter 13 Plan.[1]

Upon review of the pleadings, the Court's file, and the arguments of counsel, the Court finds that a complaint to revoke an order of confirmation filed under 11 U.S.C. § 1330[2] is the

---

[1] Doc. No. 20.
[2] The Bankruptcy Code, 11 U.S.C. §§101-1330 (2000) [hereinafter the Code]. Any reference herein to a section of law, without more, is to a section of the Bankruptcy Code.

13.06.19 Lane Mtn to Reconsider Confirmation Order.wpd

only method for a creditor to obtain relief from a Chapter 13 plan confirmation order. A creditor cannot seek relief from a confirmation order under Fed. R. Bankr. P. 9023 and 9024,[3] which incorporate Fed. R. Civ. P. 59 and 60, respectively.

This matter constitutes a core proceeding[4] and the Court has jurisdiction to decide the matter in controversy.[5]

### Facts

1. On November 16, 2012, Debtors filed their voluntary Chapter 13 petition.
2. Stockgrowers State Bank (SSB) is a secured creditor by virtue of a security agreement and Promissory Note No. *5366 which had a payoff in the amount of approximately $18,813.35 as of the petition filing date. In Schedule D (Creditors Holding Secured Claims) the collateral value of the secured property, a 1999 Chevrolet pickup truck and a 2006 Ford pickup truck, totalled $18,986.87.
3. An order confirming Debtors' Chapter 13 plan was docketed on January 17, 2013. The plan proposed to pay Note No. *5366 as a secured claim in the amount of $4,500.00 and to treat the balance of the claim as general unsecured.
4. SSB filed its motion to reconsider or set aside the Order Confirming Chapter 13 Plan on January 31, 2013, under Rules 9023 and 9024.

---

[3] Any reference herein to a Rule, without more, is to the Federal Rules of Bankruptcy Procedure.
[4] 11 U.S.C. §157(b).
[5] 28 U.S.C. §1334.

## Discussion

**Section 1330 provides the only method for revocation of an order confirming a Chapter 13 plan.**

SSB filed its motion to reconsider or, in the alternative, to set aside the order confirming the Chapter 13 plan within 180 days after the confirmation order was entered. SSB's grounds to reconsider or to set aside the order are: (1) the value of SSB's personal property collateral in Debtors' sworn bankruptcy schedule is inconsistent with and contrary to the information on value in Debtors' plan[6]; (2) the conversation between SSB's branch president and Debtors' bankruptcy counsel regarding the proposed treatment of Note No. *5366 resulted in SSB's confusion as to the timing and procedure for SSB to formally challenge the value of its collateral.[7] The Chapter 13 plan was filed by the Debtors on November 21, 2012. Between the filing of the plan and entry of the confirmation order on January 17, 2013, the confirmation hearing was held on December 19, 2012. SSB had sufficient time to file an objection to the plan during these two months.

SSB does not allege that it did not receive notice of the proposed Chapter 13 plan. Its branch president spoke on the telephone to Debtors' counsel in late November 2012. SSB had knowledge and notice of the plan. SSB's alleged confusion on the timing and procedure to object to the plan does not constitute grounds for the Court to apply Rules 9023 and 9024 to reconsider or set aside the confirmation order.

Rules 9023 and 9024 incorporate Fed. R. Civ. P. 59 and 60, respectively. Rule 9023

---

[6] SSB's Motion to reconsider, Doc. No. 20 ¶7 at 3.
[7] SSB's Motion ¶7 at 3.

- 3 -
13.06.19 Lane Mtn to Reconsider Confirmation Order.wpd

provides that "[E]xcept as provided in this rule and Rule 3008, Fed. R. Civ. P. 59 applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." Under Fed. R. Civ. P. 59, a court may, on motion, grant a new trial on all or some of the issues. Rule 9024 provides that "Fed. R. Civ. P. 60 applies in cases under the Code except … (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by §1144, §1230, or §1330." SSB's motion is somewhat nebulous as to the specific statutory provisions under which it seeks relief: Reference is made to Fed. R. Civ. P. 60 but *sans* specific reference to a subsection thereof. SSB's general assertion is that it is entitled to relief from the confirmation order on the basis of mistake, inadvertence, or excusable neglect. In the alternative, SSB asserts a motion to reconsider the confirmation order under Fed. R. Civ. P. 59(e). As detailed herein, Fed. R. Civ. P. 59 and 60 may not be employed to reconsider or set aside an order confirming a Chapter 13 plan.

The court may only revoke the order of confirmation of a Chapter 13 plan under §1330. Section 1330 provides that:

> (a) On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud.

In *Mason v. Young (In re Young),*[8] the Bankruptcy Appellate Panel for the Tenth Circuit considered whether a party may obtain relief from an order confirming a Chapter 13 bankruptcy

---

[8] 237 B.R. 791 (B.A.P. 10th Cir. 1999).

- 4 -
13.06.19 Lane Mtn to Reconsider Confirmation Order.wpd

plan by methods other than §1330. In *Young,* the court found that the plain language of both §1330 and Fed. R. Civ. P. 9024 establishes that complaints for revocation of confirmation orders of Chapter 13 plans must be grounded in fraud and brought within 180 days after confirmation.[9] More importantly, the court ruled that §1330 provides the only method to vacate a Chapter 13 plan confirmation order.[10] This conclusion is equally compelling as to Rule 9023.[11]

The *Young* court so ruled because of two primary considerations: First is the favored finality of Chapter 13 plan confirmation, and second is the narrow drafting of §1330. Rule 9024 does not afford relief to SSB under Fed. R. Civ. P. 60(b) because §1330(a) "trumps" the rule by substantively limiting the extent to which a court may reconsider the confirmation of a Chapter 13 plan.[12] As the *Young* court noted, when a party brings a motion under 60(b), the party is basically requesting revocation of a confirmed plan.[13] In these circumstances, §1330 operates as both a substantive limitation and a time limitation. The *Young* court went on to observe:

> The plain language of both §1330 and Rule 9024 indicate [sic] that motions for revocation of a confirmed Chapter 13 plan must be grounded in allegations of fraud and brought within 180 days.[14]

In *Young*, the court cited *Branchburg Plaza Assocs., L.P. v. Fesq* (*In re Fesq*).[15] In *Fesq,* the secured creditor tried to vacate confirmation of the plan because the debtor's plan did not pay the secured creditor's claim in full. The Third Circuit held that §1330 should be read as both a

---

[9] *Id.* at 802. Although the *Young* decision refers to motions for revocation, revocation of a confirmation order under §1330 should be filed as an adversary proceeding. See Rule 7001(5).
[10] *Id*. at 803.
[11] Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY, 4TH EDITION, §1.1, at ¶223.1, Sec. Rev. April 14, 2009, www.Ch13online.com.
[12] *In re Smith*, 2009 WL 243396, at *13.
[13] 237 B.R. 791, 802 (B.A.P. 10th Cir. 1999).
[14] *Id.*
[15] 153 F.3d 113 (3rd Cir. 1998).

time and a substantive limitation to revoke Chapter 13 confirmation orders.[16] Once a debtor's plan is confirmed, it becomes final under §1327(b)[17] and is binding on the debtor and creditors. Absent a showing of fraud under §1330, it cannot be challenged under §1325(a)(5)(B)(ii) for failure to pay the creditor the present value of its claim.[18] Thus, the confirmation of a Chapter 13 plan may not be revoked under §1330 unless the confirmation was procured by fraud and a party in interest seeks the revocation within 180 days of the confirmation date.[19]

Section 1330 provides the only method for a party in interest to seek revocation of an order of confirmation. Pursuant to Rule 7001(5), revocation should be sought via an adversary proceeding and initiated by the filing of a complaint. The court may only revoke a confirmation order if it is procured by fraud perpetrated by the debtor. Revocation is not proper for mistake, inadvertence, or an improper valuation of collateral.[20] The only method to seek revocation of an order of confirmation is §1330, which may not be overcome by Rules 9023 and 9024 which provide that Federal Rules of Civil Procedure 59 and 60 generally apply to bankruptcy cases. With regard to statutory construction, the specific, in this case §1330, governs the general, which

---

[16] *Young*, 237 B.R. at 802; *Fesq*, 153 F.3d at 119-120.

[17] See *United Student Aid Funds, Inc., v. Espinosa*, --- U.S. ---, 130 S. Ct. 1367, 1380. Even if the bankruptcy court commits "legal error" in confirming the Chapter 13 plan, the creditor is bound by the plan. It is indeed imprudent "for litigants to sleep on their rights" because a Rule 60(b) motion will not provide relief from the binding effect of plan confirmation, although *Espinosa* noted that the "Courts of Appeals disagree as to whether a Rule 60(b)(4) motion should be treated as a 'complaint to revoke' a plan subject to §1330's time limit and substantive limitation to motions based on fraud." *Id.* at 1376-77 n.9. The *Espinosa* court did not resolve this split of authority since the issue was not raised by the parties below. It appears that if such a motion were treated as a complaint under §1330, it would still need to adhere to that section's requirements for revocation. Regardless, SSB did not file a Fed. R. Civ. P. 60(b)(4) motion alleging that the confirmation order is void.

[18] *Fesq*, 153 F.3d at 119.

[19] *Id*. at 115. Post-*Espinosa*, *Fesq* remains good law. See *In re Rodriguez*, 2013 WL 1716110 (3rd Cir. April 22, 2013).

[20] See 8 COLLIER ON BANKRUPTCY ¶1330.01 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2010).

Case 12-23111   Doc# 32   Filed 06/20/13   Page 6 of 7

are Rules 9023 and 9024.[21] Section 1330 deliberately targets the specific problem of procurement of an order of confirmation by fraud with a specific solution. It is the Code that establishes substantive rights and it is the function of the Rules to govern the procedures to protect those rights.[22] It is axiomatic that the Code trumps the Rules. Assuming adequate notice of the Debtors' plan as contemplated under *Espinosa*, §1330 and an attendant adversary proceeding is the only means for a party in interest to obtain relief from a Chapter 13 order of plan confirmation.

### Conclusion

IN CONCLUSION, §1330 provides the only method to revoke or obtain relief from an order of confirmation of Chapter 13 plans. This request for relief must be brought by an adversary proceeding and not by a motion. SSB has not filed an adversary proceeding under §1330 nor has it alleged that the confirmation order was procured by fraud. SSB's motion is denied.

IT IS SO ORDERED.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

---

[21] *RADLax Gateway Hotel, LLC, v. Amalgamated Bank*, 132 S. Ct. 2065, 2071 (2012).
[22] *Young*, 237 B.R. at 802.